IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WALTER MITCHELL<br>314 13TH Street<br>Kenova, WV 25530<br>Wayne County<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MIRAMED REVENUE GROUP, LLC<br>991 Oak Creek Dr.<br>Lombard, IL 60148<br><br>Serve on:<br>CT Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br><br>　　　　　　Defendant. | CIVIL NO.<br>　　3:18-cv-00384 |

**COMPLAINT**

Plaintiff, by and through his undersigned attorney, and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the "Fair Debt Collection Practices Act" 15 U.S.C. §1692, et. seq., (hereinafter the FDCPA), under 15 U.S.C. §1692 et seq, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's unlawful conduct.

**JURISDICTION & VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C.

1

§1331 and §1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of West Virginia, and a substantial portion of the events or omissions giving rise to the claims occurred within West Virginia.

## PARTIES

4. Plaintiff is a natural person residing at 314 13th Street, Kenova, WV 25530.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant MiraMed Revenue Group, LLC (MiraMed) headquarters is an Illinois Limited Liability Company with its place of business at 991 Oak Creek Dr., Lombard, IL 60148. Its registered agent and office is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

7. Defendant regularly collects and attempts to collect consumer debt in West Virginia.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## FACTUAL ALLEGATIONS

9. The instant action arises out of Defendant's attempts to collect on an alleged consumer debt ("debt") said to be owed by Plaintiff.

10. The Debt arose from services which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

11. The Debt was purchased, assigned or transferred to MiraMed for collection, or MiraMed was employed by the creditor to collect the debt.

12. Defendant attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

13. In 2017, Plaintiff began receiving collection calls on his cellular phone, (304) XXX-1291 from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1291. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Plaintiff never provided his cellular phone number to the Defendant.

16. Plaintiff never gave the Defendant permission to call his cellular phone number.

17. Defendant has used a variety of phone numbers and area codes when calling Plaintiff's cellular phone.

18. When Plaintiff answers calls from Defendant on his cellular phone, Plaintiff experiences a significant pause, lasting approximately three to five seconds in length, before Defendant's representative comes on the line.

19. Despite Plaintiff's demands, Defendant has continued to persistently call or text Plaintiff's cellular phone up until the date of the filing of this action.

20. Plaintiff never received a letter from Defendant referencing the subject debt.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant repeatedly called Plaintiff after she demanded that it stop. This behavior of systematically calling Plaintiff's phone despite being told to stop calling was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such,

Defendant knew that its conduct was inconvenient and harassing to him.

    **b.  Violations of FDCPA §1692e**

31.    The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32.    In addition, this section enumerates specific violations, such as: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

33.    Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  Despite being told to cease contacting him, Defendant continued to relentlessly call Plaintiff via automated messages. Instead of stopping this behavior, Defendant kept calling Plaintiff using different phone numbers in a deceptive attempt to force him to answer its calls.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

    **c.  Violations of FDCPA §1692f**

34.    The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35.    Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior.

    **d. Violations of FDCPA §1692g**

36. The FDCPA, pursuant to §1692g states that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall…send the consumer a written notice." This notice must include various pieces of information listed in §§1692g(a)(1)-(5).

37. Defendant violated §1692g by failing to send Plaintiff notice of the debt. Defendant never mailed him a dunning letter. By neglecting to do so, Defendant did not apprise Plaintiff as to the nature of the debt, or of the fact that he has a right to dispute the debt.

38. As previously pled, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

39. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

40. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately three to five seconds in length, which Plaintiff experiences upon answering Defendant's phone calls, is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

42. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent.

43. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**THE PLAINTIFF DEMANDS A JURY ON ALL COUNTS.**

Dated: February 15, 2018                                       WALTER MITCHELL
                                                               By Counsel


/s/ Stephen G. Skinner
Stephen G. Skinner
BAR ID: 20220
SKINNER LAW FIRM
PO BOX 487
Charles Town, WV 25414
304-725-7029
sskinner@skinnerfirm.com